UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT and PAMELA KINANN,  No. 05-14605

Debtor(s).
_____/

Memorandum of Decision
_____

Debtors Robert and Pamela have proposed a plan whereby they will pay the Chapter 13 trustee $650.00 per month for 36 months. They estimate a dividend of 11% to unsecured creditors, but the actual dividend could be significantly less due to an unliquidated claim against them. The Chapter 13 trustee, joined by creditor Mario Zapalla, objects.

The debtors' income is derived from Robert Kinann's contracting business. However, the California Contractor's State Licensing Board has imposed a three-year suspension of his license. His son, Robert S. Kinann, also has a contractor's license. It appears that Kinann and his son have considered their business relations as completely fluid, with the son at times being the employee, at times being the sole contractor and at times being the joint contractor. This resulted in testimony from Kinann at the hearing which was totally contrary to his testimony at his 341 hearing.

As a result of the conflicting testimony, Kinann cannot meet his burden of proving that all his disposable income for 36 months will be applied to his payments, as required by § 1325(b)(1)(B) of the Bankruptcy Code, or that he will be able to make all the payments under the plan as required by § 1325(a)(6).

In addition, Kinann's demeanor on the stand was evasive and combative. His memory was extraordinarily poor, and his explanations of inconsistent testimony lame. This was not all what the court expects of a Chapter 13 debtor who has a burden of demonstrating that his plan meets the

1

requirements of law.  Accordingly, the court cannot even make the finding required by § 1325(a)(3) that his plan is proposed in good faith.

For the foregoing reasons, confirmation will be denied and this case will be dismissed unless within 10 days of entry of this memorandum the debtors have elected to convert their case to Chapter 7. The Chapter 13 trustee shall submit an appropriate form of order.

Dated: March 2, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2